## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY ARSENAULT; OLD GREENWICH CAPITAL ADVISORS, LLC; and OGCP MANAGEMENT CO, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 3:24-cv-01633-VAB |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Date Complaint Filed:　　　　　　　　　　　　__October 11, 2024__

Date Complaint Served/Waiver Sent:　　　　　__October 15, 2024__

Date of Defendant Jeffrey Arsenault's Appearance:　__December 16, 2024__

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 14, 2025.  The participants were:

- David Fox and Peter Moores for Plaintiff, the United Stated Securities and Exchange Commission (the "Commission" or "SEC")

- Jeffrey Arsenault, *pro se* defendant

- Defendants Old Greenwich Capital Advisors, LLC, and OGCP Management Co, LLC have not filed an answer or other pleading in this case and no counsel appeared on their behalf.  Plaintiff intends to move for an entry of default as to these two defendants.

1

I. <u>**Certification**</u>

Undersigned counsel and Jeffrey Arsenault, as a self-represented party, certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

II. <u>**Jurisdiction**</u>

**A. Subject Matter Jurisdiction**

The Commission asserts that this Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa] and Section 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14].

Defendant Arsenault does not dispute the Court's subject matter jurisdiction over this case, as outlined in Paragraphs 8 and 121–123 of the SEC's complaint.

**B. Personal Jurisdiction**

Personal jurisdiction over Defendant Arsenault is not contested.

Arsenault does not contest the Court's personal jurisdiction over him in this matter. As outlined in the SEC's complaint, Arsenault acknowledges that his residence and business operations are within the United States, specifically within the District of Connecticut, and that the allegations involve activities conducted within this jurisdiction. Arsenault asserts that his prior filings and appearance in this case confirm his acceptance of the Court's authority to adjudicate this matter.

### III.  **Brief Description of the Case**

#### A.  Commission's Description

From 2014 to the present, Jeffrey Arsenault, through co-defendants Old Greenwich Capital Advisors, LLC and OGCP Management, Co, LLC (the investment advisers he owned and controlled), diverted for Defendants' benefit millions of dollars of investor money he managed from two investment funds, the Old Greenwich Capital Partners, L.P. fund (the "OGCP Fund") and the OGCP Four Seasons Fund, LP (the "Four Seasons Fund," and together with the OGCP Fund, the "Funds").  Defendants drained the Funds of nearly all their assets.

To conceal their theft from investors, Defendants fraudulently represented the value of the Funds' holdings in false account statements and tax documents, including by overstating the interest the OGCP Fund purportedly held in Defendants' Four Seasons Fund.  Defendants knew that the OGCP Fund account statements and related tax documents were false and misleading because they knew they were diverting money away from the Funds and that the resulting Fund balances were inaccurate.

Through their scheme, Defendants misappropriated more than $4.1 million from the Funds and, ultimately, investors, from October 2014 through the present.

#### B.  Arsenault's Description

From 2014 to the present, Arsenault, through Old Greenwich Capital Advisors, LLC and OGCP Management Co., LLC, operated two investment funds, the OGCP Fund and the Four Seasons Fund. These funds were managed in accordance with the stated investment strategies and objectives communicated to investors.  Defendant Arsenault denies the allegations of misappropriation, fraud, or misrepresentation, and contends that all actions taken were consistent with fiduciary duties and applicable securities laws.  Further, Arsenault intends to demonstrate

that all financial activities conducted through the funds were in good faith and in compliance with industry standards.  Arsenault reserves the right to supplement this description as discovery progresses.

### C.  Plaintiff's Claims

Defendants have violated and continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and 10b-5(c) thereunder [17 C.F.R. § 340.10b-5(a) and (c)]; and Sections 206(1), (2) and (4) of the Advisers Act [15 U.S.C. § 80b-6] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

The Commission seeks permanent injunctions enjoining Defendants from violating the charged provisions of the securities laws; civil monetary penalties against Defendants; disgorgement of Defendants' ill-gotten gains, plus prejudgment interest; a permanent injunction enjoining Arsenault from acting as or being associated with any broker, dealer, or investment adviser; and, as to Arsenault, an officer and director bar.

### D.  Defendants' Defenses and Counterclaims

1.      None currently asserted.  Defendant Arsenault denies the SEC's allegations of fraud, misappropriation of funds, and violations of securities laws as outlined in the complaint. The management and operation of the OGCP Fund and the Four Seasons Fund were conducted in good faith and in compliance with industry standards, applicable securities laws, and fiduciary obligations.

2.      Defendant Arsenault maintains that:

a.      <u>Good Faith Compliance</u>:  All financial decisions and actions taken with respect to the funds were consistent with the investment strategies disclosed to investors and within the scope of fiduciary duties.

     b.  <u>Mischaracterization of Actions</u>:  The SEC has mischaracterized lawful and ordinary course business activities as fraudulent or deceptive.

     c.  <u>Lack of Investor Harm</u>:  No investors suffered losses attributable to fraud or misappropriation by Arsenault or his entities.

     3.     Arsenault reserves the right to assert additional affirmative defenses, including but not limited to:

     a.  <u>Estoppel</u>:  To the extent the SEC was aware of the actions it now alleges were unlawful but took no action, it is estopped from bringing these claims.

     b.  <u>Failure to Mitigate Damages</u>:  Any alleged harm to investors, if proven, was caused by factors outside Arsenault's control, including market conditions or other third-party actions.

     c.  Arsenault reserves the right to file counterclaims as discovery progresses and additional information becomes available.

     d.  Arsenault's response is not intended to preclude discussions or resolution through settlement.  He remains open to resolving this matter in a manner that is efficient and fair, without admission of wrongdoing.

## IV.   **Statement of Undisputed Facts**

     Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  Numerous facts are not in dispute concerning the general and historical operations and management of the OGCP Fund and the Four Seasons Fund and the role the Defendants played in operating and advising those Funds. This includes the facts alleged in the following paragraphs of Plaintiff's Complaint: 11 through 35; 47; 61 through 67; 72; and 74.

V.    <u>**Case Management Plan**</u>

A.  **Initial Disclosures**

Initial disclosures will be served by <u>February 4, 2025</u>.

B.  **Scheduling Conference**

1.      The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The parties prefer that a scheduling conference, if held, be conducted in person.

C.  **Early Settlement Conference**

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement may be facilitated by use of a settlement conference/mediator after the parties exhaust their present settlement discussions.

2.      The parties request an early settlement conference following the exhaustion of current ongoing discussions.

3.      The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.  **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff should be allowed until <u>February 28, 2025</u> to file motions to join additional parties or to file motions to amend the pleadings. Motions filed after the foregoing

6

date will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.      Defendants should be allowed until <u>February 28, 2025</u> to file motions to join additional parties and until <u>March 31, 2025</u> or thirty (30) days after the filing of any amended complaint to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

1.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

a.    Plaintiff's Position:  The needed discovery in this case mostly lies in the possession of the Defendants, including Mr. Arsenault.  If the documents and information are produced timely, then discovery should proceed quickly, potentially resolving this matter at summary judgment.  If Defendants do not produce relevant and responsive information timely, then discovery may be delayed by motion practice.

b.    Defendant's Position:  Arsenault agrees that discovery will focus on the funds' management, financial transactions, and communications with investors.  However, he emphasizes that discovery must be narrowly tailored to the needs of this case to avoid undue burden or expense, as provided under Rule 26(b)(1).  He is committed to producing all relevant, responsive documents in his possession within a reasonable time frame.  Should disputes arise

regarding the relevance or scope of discovery requests, Arsenault reserves the right to seek resolution from the Court.

2.      The parties anticipate that discovery will be needed on the following subjects: Defendants' management and handling of money and investments in the Funds; the amount of monies and/or investments diverted or misappropriated by Defendants; and Defendants' representations to investors in the Funds.

3.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by January 15, 2025 and completed (not propounded) by September 30, 2025.

4.      Discovery will not be conducted in phases, except to the extent one or more Defendants are found liable, and then a remedies discovery period should occur, if necessary.

5.      The parties anticipate that the Plaintiff will require a total of 10 depositions of fact witnesses (not including keeper of the records depositions) and that the Defendants will require a total of 10 depositions of fact witnesses.  The depositions will commence by January 15, 2025 and be completed by September 30, 2025.

6.      The parties will not request permission to serve more than 25 interrogatories.

7.      The Plaintiff does not intend to call expert witnesses at trial. Defendants do not intend to call expert witnesses at trial.

8.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by June 30, 2025.  Depositions of any such experts will be completed by July 31, 2025.

9.      Parties will designate all trial experts and provide opposing counsel with reports

from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by <u>August 31, 2025</u>. Depositions of such experts will be completed by <u>September 30, 2025</u>.

10.    Damages analysis is not applicable; the Commission seeks statutory penalties and disgorgement.

11.    Undersigned counsel and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: relevant and responsive electronically stored information will be preserved and produced natively or in loadable files in accordance with the SEC's Data Delivery Standards. Paper documents will be scanned and produced as searchable PDFs, or in another format agreed upon by the parties.

12.    Undersigned counsel and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information: relevant and responsive paper or non-electronically stored information will be preserved and produced either in paper copies or scanned and loadable files in accordance with the SEC's Data Delivery Standards. Paper documents will be scanned and produced as searchable PDFs, or in another format agreed upon

by the parties.

13.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the procedures set forth in the Standing Protective Order, ECF No. 5, for asserting claims of privilege after production.

**F.  Other Scheduling Issues**

None.

**G.  Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before November 7, 2025.

**H.  Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) days after the Court's ruling on any summary judgment motion that leaves open any issue of material fact for trial.

**VI.    Trial Readiness**

The case will be ready for trial thirty (30) days after filing of the joint trial memorandum.


As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff:  Securities and Exchange Commission


By /s/ *Peter Bryan Moores*          Date: January 28, 2025

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel, and the Court to promote the just, speedy and inexpensive determination of this action.

Defendant:  Jeffrey Arsenault


*Jeffrey Arsenault*                                        Date: January 27, 2025


DATED: January 28, 2025                          Respectfully submitted,

                                                              SECURITIES AND EXCHANGE COMMISSION

                                                              By its attorneys,

                                                              /s/ *Peter Bryan Moores*
                                                              Peter Bryan Moores (Mass. Bar No. 658033)
                                                              David Fox (D.C. Bar No. 1686020)
                                                              Marc J. Jones (Mass. Bar No. 645910)
                                                              Martin F. Healey (Mass. Bar No. 227550)
                                                              Boston Regional Office
                                                              33 Arch Street, 24th Floor
                                                              Boston, Massachusetts 02110
                                                              (617) 573-8900 (Main)
                                                              (617) 573-4590 (Facsimile)
                                                              (617) 573-4576 (Moores)
                                                              mooresp@sec.gov (Moores)


                                                              JEFFREY ARSENAULT

                                                              *Jeffrey Arsenault*